UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JOSEPH PATRICK STODDART,**<br><br>Plaintiff,<br><br>v.<br><br>**JOEL TINGY,**<br><br>Defendant. | Case No. 4:22-cv-00066-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court is Plaintiff Joseph Stoddart's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1).

Pursuant to 28 U.S.C. § 1915, the Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, 28 U.S.C. §1915(e)(2)(b), empowers the Court to "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." For the reasons explained below, the Court GRANTS

**INITIAL REVIEW ORDER - 1**

Stoddart's application to proceed in forma pauperis. Further, the Court finds Stoddart's Complaint fails to state a claim upon which relief may be granted and dismisses his Complaint with prejudice.

## IFP APPLICATION

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal ... without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Stoddart's application to proceed in forma pauperis and finds that Stoddart has established his indigency. Stoddart states that he receives no monthly income. *Dkt. 1*, at 2. Stoddart appears to have been unemployed since June 2021. *Id.* Further, Stoddart does not list any assets. *Id.* at 3. Stoddart lists no monthly expenses. *Id.* at 4. Stoddart does not list any dependents,

**INITIAL REVIEW ORDER - 2**

but states that he currently lives with his mother following a treatment program. *Id.* at 5. Stoddart further states that he is currently in an intensive outpatient program at Brickhouse Recovery in Idaho Falls, Idaho. *Id.* Based on Stoddart's circumstances, the Court finds good cause to grant Stoddart's Application for Leave to Proceed In Forma Pauperis. The Court will waive the filing fee in its entirety.

## REVIEW OF COMPLAINT

1. **Factual Allegations**

In this case, Stoddart states several allegations against Judge Joel Tingy. Stoddart alleges violations of due process pursuant to the Fifth, Sixth, and Fourteenth amendments arising under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. U.S.*, 405 U.S. 150 (1972). Dkt. 2, at 3. To support these claims, Stoddart alleges that Judge Joel Tingy was the presiding judge in Bonneville County Case Number CR2018-2173, and that the prosecutor sent an email to all the judges in the Seventh Judicial District, where Judge Tingy presides, stating concerns had arisen relating to certain failures on the part of the Idaho State Police Forensic Laboratory in Pocatello, Idaho, involving an employee: Scott Hailstrom, and Judge Tingy withheld this information. *Id.*

Stoddart states that he was convicted and incarcerated in Bonneville County Jail on December 19, 2019, and that on February 20, 2020, before being

**INITIAL REVIEW ORDER - 3**

transported to Idaho State Prison, he learned new information about actions taken by forensic scientist Hailstrom. *Id.* Stoddart claims that Hailstorm's employment was terminated and that this fact affected the authenticity and/or reliability of certain evidence. *Id.* Stoddart suggests that Judge Tingy committed a Brady violation by not informing him about the controversy dealing with Hailstrom. *Id.* He further alleges that the information would have changed the outcome of his case. *Id.*

As for relief, Stoddart requests that the Court provide him compensation ($1,200,000) for the one and a half years of incarceration in the Idaho Department of Correction. *Id.* He also states that he has suffered depression and mental anguish and lost everything he owned because he was incarcerated. *Id.* Stoddart states that the alleged wrongs are ongoing because he is still on parole. *Id.* He also states that Defendants deprived him of "life liberty and the pursuit of happiness by violating [his] right to due process and is clearly a Brady violation and Giglio violation." *Id.*

2.  **Screening Standard**

The Court is permitted to conduct an initial review of complaints filed in forma pauperis to determine whether summary dismissal is appropriate. If it chooses to engage in such a review, the statute requires the Court to dismiss any portion of the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

**INITIAL REVIEW ORDER - 4**

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of

**INITIAL REVIEW ORDER - 5**

Civil Procedure 12(b)(6)), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

3. Discussion

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial

**INITIAL REVIEW ORDER - 6**

in nature so that immunity would apply, a court looks to "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges....'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793 F.2d at 1078).

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that

**INITIAL REVIEW ORDER - 7**

is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly.... A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356.

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge,

**INITIAL REVIEW ORDER - 8**

with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357.

Here, Stoddart complains of acts and decisions Judge Tingy made in the course of presiding over Stoddart's criminal case that resulted in his criminal conviction. Any statements Judge Tingy would have made or information he would have disclosed would have been in his capacity as a judicial officer. Stoddart alleges no facts suggesting that Judge Tingy's alleged withholding of information from Stoddart in the course of his criminal case was not "judicial" in nature, or that Judge Tingy lacked jurisdiction to preside over Stoddart's criminal case. Therefore, absolute judicial immunity applies. All claims against Judge Tingy will be dismissed with prejudice. Leave to amend will not be granted, since any amendment would be futile. *See, e.g., Bykov v. Rosen*, 703 F. App'x 484, 485 (9th Cir. 2017) ("The district court properly dismissed without leave to amend Bykov's constitutional right-to-medical-privacy claims for monetary damages against Judge Rosen and Officer Rogers because they are entitled to judicial and quasi-judicial immunity, respectively.)

**INITIAL REVIEW ORDER - 9**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 5) is **GRANTED.** The Court will waive the filing fee in its entirety.

2. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

DATED: June 3, 2022

B. Lynn Winmill
U.S. District Court Judge